UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES GAUNTT, ET AL                           CIVIL ACTION

VERSUS                                          NO. 06-7817

LOUISIANA CITIZENS PROPERTY                     SECTION: "C"
INSURANCE CORP., ET AL

## ORDER & REASONS

This matter comes before the Court on a motion to remand filed by the plaintiffs. In their motion to remand, the plaintiffs assert that this Court lacks jurisdiction to hear this case due to the "local controversy" exception of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (Rec.Doc. 18). Defendants, State Farm Fire & Casualty Company ("State Farm"), Allstate Insurance Company ("Allstate") and Lafayette Insurance Company ("Lafayette") oppose the motion on the grounds that the exception does not apply.[1] The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that it has jurisdiction to hear this matter under the CAFA, 28 U.S.C. § 1332(d).

The CAFA, provides that the federal court has original jurisdiction over any action in which: (1) the case is a class action brought on behalf of at least one hundred putative class

---

[1] The plaintiffs also contest the defendants' other grounds for removal. However, it is unnecessary to discuss these alternate grounds for jurisdiction here.

members; (2) the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and, (3) any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)

In this case, the putative class consists of Louisiana citizens who purchased valued policy homeowners insurance from one of four defendants, State Farm, Allstate, Lafayette or Louisiana Citizens Property Insurance Corp. ("Citizens").  Insurance policies are deemed "valued policies" when the premiums charged are calculated in relation to the value of the property.  Here, the plaintiffs allege that their property values declined as a result of damage caused by Hurricanes Katrina and/or Rita, but their insurers continued to charge premiums based on the pre-storm values of their properties.  The plaintiffs brought this putative class action suit seeking a refund of the amounts that they were allegedly overcharged in state court.  State Farm removed the action to this Court asserting jurisdiction under the CAFA and other statutes.

The facts outlined above show, and it is undisputed that, the basic elements of CAFA federal subject matter jurisdiction are satisfied.  The putative class consists of more than one hundred (100) people who were allegedly harmed in the manner described above.  Also, there is more than $5,000,000 in controversy.  Finally, the plaintiffs are all Louisiana citizens and two of the defendants, State Farm and Allstate, are not Louisiana citizens. Thus, this Court has jurisdiction to hear this action, unless one of the CAFA exceptions applies.

The plaintiffs claim that the "local controversy" exception to the CAFA applies to this case.  Under the "local controversy" exception, a district court must decline jurisdiction when: (1) greater than two thirds of the members of the putative class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom members of the

putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and who is a citizen of the state in which the action was filed; (3) the principal injuries resulting from the alleged conduct of each defendant were incurred in the state in which the action was filed; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the last three years preceding the filing of the instant class action. 28 U.S.C. § 1332(d)(4). The language of the CAFA favors federal jurisdiction over class actions. *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006). Furthermore, the legislative history suggest that Congress intended the local controversy exception to be narrow, with all doubts resolved "in favor of exercising jurisdiction over the case." *Id.* (citing, S.Rep. No. 109-14 at 42, U.S. Code Cong. & Admin. News 3, 40). Thus, the party opposing removal bears burden of proving the application of an exception to the CAFA. See, *Robinson v. Cheetah Transp.*, 2005 WL 468820, \*4 (W.D.La.) (citing, S.Rep. No. 109-14 at 44 (2005), *as reprinted in* 2005 U.S.C.C.A.N. 3, 41; *Berry v. American Express Pub. Corp*, 381 F.Supp.2d 1118, 1122 (C.D.Cal 2005)).

The dispute here involves the requirement that at least one defendant from whom members of the putative class seek significant relief, whose alleged conduct forms a significant basis of the asserted claims, and is a citizen of the sate in which the action was filed. The defendants contend that the plaintiffs do not seek significant relief from the Louisiana defendants, Lafayette and Citizens, and that the that their conduct did not from a significant basis of the asserted claims. They present evidence which shows that the defendants' respective homeowners insurance market shares are: (1) 32.3% for State Farm; (2) 20.6% for Allstate; (3) 6.8% for Lafayette; and, (4) 0.8% for Citizens. See, Rec. Doc. 33. The defendants use this data

to support their argument that the plaintiffs seek much more relief from them and their conduct forms a greater basis of the asserted claims. They then conclude that the plaintiffs do not seek significant relief from Lafayette and Citizens, nor do the actions of Lafayette and Citizens comprise a significant basis of the asserted claims.

The plaintiffs, on the other hand, contend that they do seek significant relief from Lafayette and Citizens and that the Louisiana defendants' actions form a significant basis of the alleged claims.  The plaintiffs argue that all of the defendants are corporations with "deep pockets," who have the ability to pay out the claims, the allegations against all of the defendants are the same and they seek the same damages from all defendants.  They also cite the dictionary definition of significant, "sufficiently great or important to be worthy of attention" and use it to argue that the fact that Lafayette and Citizens may be labile for millions of dollars means that the plaintiffs must seek significant relief from these defendants. See, Rec. Doc. 18.

The term "significant" is not defined in the CAFA, however other Courts have examined the legislative history and arrived a definition.  The case law concludes that a putative class seeks "significant relief" against the defendant when the relief sought against that defendant is a significant portion of the relief sought by the class.  See, *Evans*, 449 F.3d at 1167 (citing, *Robinson*, 2006 WL 468820, *4 and *Kearns v. Ford Motor Co.*, 2005 WL 3967998 (C.D. Cal.)). This involves an assessment of how many member of the putative class were allegedly harmed by the in-state defendants and a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment. *Id.* (citing, *Robinson*, 2006 WL 468820, *4).

The plaintiffs are correct that all of the defendants have the ability to pay a judgment and that millions of dollars is "significant" according to the dictionary definition of the word.

However, the test for "significant relief" requires an assessment of the number of potential class members that were harmed by the in-state defendants and a comparison of the relief sought from all of the defendants. The market share statistics cited above show that it is likely that only a small portion of the members of the putative class were harmed by the Louisiana defendants and, as a result, the relief sought from them is relatively small as compared to the relief sought from the out-of-state defendants.

The Court recognizes that it is possible that the Louisiana defendants overcharged their insureds by more than the out-of-state defendants did and thus would be liable for more money or that more of their insureds will choose to join in the class action. However, this is extremely unlikely considering the market share numbers. The "local controversy" exception is narrowly construed and the party seeking removal bears the burden of proving that it is met. The plaintiffs have failed to meet their burden.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to remand is **DENIED**.

New Orleans, Louisiana this 16th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE